UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

APRIL GRIFFIN,
        Petitioner,

v.                                    Case No. 08C0869

SHERIFF DAVID CLARKE,
ATTORNEY GENERAL J.B. VAN HOLLEN
        Respondents.

## ORDER

On October 15, 2008, pro se petitioner April Griffin filed this petition pursuant to 28 U.S.C. § 2241, asserting that she is being confined in violation of the Constitution. The petition is incoherent, and it is difficult to identify even the basic components of her claim. However, I can discern that she is a pretrial detainee, presumably in the custody of the Milwaukee County Sheriff, and was arrested on or about September 26, 2008, in connection with some form of domestic dispute. Other than these facts, her petition contains only vague legal conclusions, such as that she "is being denied her first, fourth, fifth, sixth, seventh, ninth, thirteenth, and fourteenth amendment rights by the Wisconsin state courts and state actors." (Petition at 7 (capitalization removed).)[1]

---

[1] In an effort to understand petitioner's claims, I have reviewed the Wisconsin court system's electronic docket for her most recent criminal case, which was commenced on October 1, 2008, as Milwaukee County Circuit Court Case No. 2008CF004945. The docket indicates that petitioner appeared before the Milwaukee County Circuit Court for an initial appearance on October 2, 2008, and that her preliminary hearing was held on October 16, 2008. At the preliminary hearing, the court bound petitioner over for trial on charges of interfering with child custody and resisting or obstructing an officer. During these proceedings, she was represented by the state public defender.

Because of the lack of factual information in her petition, petitioner has stated no plausible claim for habeas relief. As a pretrial detainee, the grounds that she may raise are limited. See 1 Randy hertz & James S. Liebman, Federal Habeas Corpus Practice & Procedure § 5.3 (5th ed. 2005). Further, even if petitioner had a plausible claim as a pretrial detainee, she would have to exhaust her state remedies before filing a habeas petition. See United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (explaining that, as a matter of comity, federal courts require pretrial detainees to exhaust all avenues of state relief before seeking writ of habeas corpus from federal court). Although petitioner asserts in conclusory fashion that she "has no adequate or available remedies available [sic] in the State courts" (Petition at 2, ¶ 1), she does not describe the efforts she has made to obtain relief in state court. Because petitioner has not described any unsuccessful attempts to present her claims to the state courts, I conclude that petitioner has failed to exhaust her state remedies. Id. at 297 (explaining that pretrial detainee must describe attempts to present habeas claim to state courts).

This action will be dismissed without prejudice pursuant to 28 U.S.C. § 2243, because "it appears from the application that the applicant or person detained is not entitled [to a writ of habeas corpus]." The grounds for the dismissal are that the petition does not adequately "allege the facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and that petitioner has failed to exhaust her state remedies. For informational purposes only, a copy of this order will be mailed to the state public defender assigned to represent petitioner in Milwaukee County Circuit Court, Attorney Robert Webb, who may take whatever action he deems appropriate.

For the reasons stated, **IT IS ORDERED** that this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the clerk mail a courtesy copy of the petition and this order to Attorney Robert Webb at the State Public Defender Milwaukee Criminal Trial Office, 819 N. 6th Street, Milwaukee, WI 53203-1606.

**FINALLY, IT IS ORDERED** that the clerk enter final judgment.

Dated at Milwaukee, Wisconsin, this 21 day of October, 2008.

/s_____
LYNN ADELMAN
District Judge